McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18−CV−00777−KJM−CKD |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 7320 DEL CORONADO WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 051-0361-005-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7701 MANET PARKWAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 050-0223-010-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7701 VALLECITOS WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 040-0081-001-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7109 18TH STREET, RIO LINDA, CALIFORNIA, SACRAMENTO COUNTY, APN: 207-0170-079-0000 INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | REAL PROPERTY LOCATED AT 8333 KAMELIA COURT, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-1840-053-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO<br><br>Defendants. |

The United States and Claimants Wen X. Zhang, Wen Hui Lin, Mei Quan Yang, MX International Trading, LLC, Hai Yan Chen, PS Funding, Inc., and Bruce Fonarow hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM.

1. This is a forfeiture *in rem* action against five properties pursuant to 21 U.S.C. § 881(a)(7) because they were allegedly used to commit or facilitate violations of federal drug laws:

   a. Real Property located at 7320 Del Coronado Way, Sacramento, California, the "*Defendant Del Coronado Way.*" Wen X. Zhang has filed a claim asserting an ownership interest in defendant Del Coronado Way.

   b. Real Property located at 7701 Manet Parkway, Sacramento, California, the "*Defendant Manet Parkway.*" Wen Hui Lin has filed a claim asserting an ownership interest in defendant Manet Parkway. PS Funding, Inc. filed a claim asserting a lienholder interest in defendant Manet Parkway.

   c. Real Property located at 7701 Vallecitos Way, Sacramento, California, the "*Defendant Vallecitos Way.*" Mei Quan Yang has filed a claim asserting an ownership interest in defendant Vallecitos Way.

   d. Real Property located at 7109 18th Street, Rio Linda, California, the "*Defendant 18th Street.*" MX International Trading, LLC has filed a claim asserting an ownership interest in defendant 18th Street. Bruce Fonarow filed a claim asserting a lienholder interest in defendant 18th Street.

   e. Real Property located at 8333 Kamelia Court, Elk Grove, California, the "*Defendant Kamelia Court.*" Hai Yan Chen has filed a claim asserting an ownership interest in defendant Kamelia Court.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants deny these allegations.

3. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Department of Homeland Security, Homeland Security Investigations ("HSI"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6. If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

///

///

///

| | | |
|---|---|---|
| Dated: 8/1/2018 | | McGREGOR W. SCOTT<br>United States Attorney |
| | By: | /s/ Kevin C. Khasigian<br>KEVIN C. KHASIGIAN<br>Assistant U.S. Attorney |
| Dated: 7/31/2018 | | /s/ Candice Fields<br>CANDICE FIELDS<br>Attorney for Claimant Wen X. Zhang |
| Dated: 7/31/2018 | | /s/ Linda Parisi<br>LINDA PARISI<br>Attorney for Claimant Wen Hui Lin |
| Dated: 7/31/2018 | | /s/ Eric R. Olah<br>ERIC R. OLAH<br>Attorney for Claimant PS Funding, Inc. |
| Dated: 7/27/2018 | | /s/ Ernest Chen<br>ERNEST CHEN<br>Attorney for Claimant Mei Quan Yang, Hei Yan Chen and MX International Trading, LLC |
| Dated: 7/30/2018 | | /s/ Douglas R. Schwartz<br>DOUGLAS R. SCHWARTZ<br>Attorney for Claimant Bruce Fonarow |

**ORDER**

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED: August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE